### THE NEW ORLEANS, JACKSON, AND GREAT NORTHERN RAILROAD COMPANY *v.* WILLIAM McBRIDE.

1. EVIDENCE: JURORS.—Whether the testimony of jurors summoned to assess the damages resulting to the owner of land from the location of a railroad thereon, is competent to impeach their verdict, by showing that they acted on improper principles. *Quære?*

2. NEW TRIAL: EXCESSIVE DAMAGES: RAILROADS.—This court will not set aside the inquest of a jury assessing damages, accruing to the owner by reason of the location of a railroad through his land, after it has been fully examined in, and sanctioned by the Circuit Court, if it appear only doubtful that the damages assessed are excessive.

ERROR to the Circuit Court of Madison county. Hon. E. G. Henry, judge.

The jury summoned to assess damages accruing to McBride, by

reason of the location of the railroad of plaintiffs in error through his land, assessed such damages at $1500.

The plaintiffs in error objected to the confirmation of this verdict by the Circuit Court, alleging that the damages were excessive, and that the jury in making the assessment had proceeded on erroneous principles.

On the trial, which was before the judge, the plaintiffs in error, against the objection of the defendant, introduced several of the jury, and proved by them that they thought the assessment too high; and that, in making the assessment, they had taken into consideration the damages accruing by reason of an apprehended overflow of certain land of McBride, which they supposed would be caused by the embankment to be built for the road-bed, in' case proper ditches were not made; they also took into consideration the annoyance McBride would be subjected to by having the laborers engaged in building the road encamped on his land; the probability of petty trespasses being committed by them, and their improper influence on and connection with the slaves of McBride; they also considered the danger of McBride's having his stock killed by the cars running on the road, and the probability that the constructors of the road would be careless, and leave down McBride's fences, whilst engaged at work on his land. Other witnesses thought the assessment too high. McBride proved by several of the jury, and also by some other witnesses, that the assessment was reasonable.

The circuit judge confirmed the inquest, and the Railroad Company sued out this writ of error.

*Tupper* and *McMickein*, for plaintiff in error,

Cited *Commonwealth* v. *Fisher*, 1 Penn. R. 462; *Somerville and Eastern Railroad Company* v. *Doughty*, 2 N. J. R. 495; *Pennsylvania Railroad Company* v. *Heister*, 8 Barr, 445; *Isom* v. *Mississippi Central Railroad Company*, 36 Miss. R. 300; *Troy and Boston Railroad Company* v. *Lee*, 13 Barb. 169; *Same* v. *Northern Turnpike Company*, 16 Ib. 10.

*Lawson* and *McBride*, for defendant in error.

The juror Divine should not have been received to attack the

report of the jury of which he was a member. 26 Miss. R. 51, 78 ; 25 Ib. 114 ; 27 Ib. 436.

The verdict of the jury will not be set aside in consequence of any valuation being made too high or too low, but only when the jury mistake the principle on which they find their verdict. 19 Wendell R. 651, 671, 678 ; 13 Barbour, 169 ; 16 Ib. 103.

The verdict is more than an ordinary one. The jurors are to view the premises, and their verdict will not be set aside on as slight grounds as ordinary verdicts. An ordinary verdict will not be set aside unless manifestly wrong. This verdict, if only an ordinary one, would not be set aside, as it is not manifestly wrong. See 1 American Railroad Cases, 164 ; 2 Ib. 158, 181, 253, 325, 341, 342. See Hernando Railroad Ch., Laws of Mississippi, 1824–1838, p. 730.

HARRIS, J., delivered the opinion of the court.

This writ of error is prosecuted to reverse the judgment of the Circuit Court of Madison county, affirming the verdict of the jury, assessing damages against the plaintiffs in error, on account of their railroad passing through the lands of the defendant.

Two grounds are relied on by the plaintiffs in error ; first, that the damages are excessive ; and second, that the jury erred in the principles upon which their verdict is based.

To sustain the second ground of error, the affidavits of jurors were read to show the motives and principles upon which they severally proceeded in their finding.

As a general rule, the affidavits of jurors are incompetent to impeach their verdict, or to show the motives or grounds of their action.

But even if it were admitted in this case that the testimony of the jurors shows that they, or many of them, proceeded upon principles wholly at war with the settled doctrines of the law as declared by this court, and also that such testimony from jurors was competent, the case, as presented, only leaves it *doubtful* whether their estimate of damages, when tested by legal rules, may not somewhat exceed the just compensation contemplated by our organic law.

Sanctioned, as this verdict is, by a full and fair examination of

the Circuit Court under the provisions of plaintiffs' charter, and supported, too, by some of the testimony in the cause, without reference to the vague and wild conjectures which seem to have actuated some of the jury, we are not satisfied that any injustice has been done, and do not therefore feel authorized to disturb the verdict and judgment rendered below.

Let the judgment be affirmed.

HANDY, J., being a stockholder in the company of the plaintiffs in error, did not sit in this case.